DANIEL LANCASTER, petitioner,

*vs.*

KENNEBEC LOG DRIVING COMPANY.

*Taking of land for public use—must be written evidence of it.*

The vote of the defendant corporation that "the directors be authorized to build the Brown Island boom this season" is not a taking of land for that purpose within the Special Laws of 1859, c. 352, § 1, by which said corporation is empowered to take and use shores, flats and lands adjacent to and necessary for the erection and occupation of its boom, under certain terms and conditions specified in said act.

The taking of real estate by attachment, levy, or by statutory process must be by writing describing the real estate so taken.

Where the petitioner failed to establish his petition, and it is dismissed on his own motion, the respondent can take no valid exception to such dismissal.

ON EXCEPTIONS.

The whole river front of the petitioner's estate was more or less used and occupied, for a longer or shorter period, by the respondent corporation for the purposes for which it was chartered by Special Laws of 1859, c. 352, which are sufficiently apparent from its name. The petition, filed at the August term, 1870, of this court, represented that the company had, on the tenth day of March, 1868, taken and used the shore, flats and land adjacent of the petitioner for the erection of their boom which they had ever since maintained, and continued to use the shore, &c., as aforesaid: that he could not agree with the company as to the damages that should be paid and asked for a committee to determine the amount, &c. At the August term, 1872, such committee were appointed and met the parties on the third day of September, 1873, when, according to their report made to the October term, 1873, it appearing by the records of the Kennebec Log Driving Company, the defendants, and being admitted by them, that there had been no vote of the corporation, or its directors, to take any portion of the shore,

flats or lands of the complainant for the purpose specified in the charter of the corporation, but the company's servants had merely entered upon and used the same to some not certain and defined extent for these purposes; we are, therefore, of the opinion that we have no jurisdiction to appraise the damages and therefore return this commission to the court issuing it, and respectfully decline to serve further on said committee." The defendants moved to have the report recommitted, alleging that at a meeting of the corporation held March 7, 1867, it was "voted, that the directors be authorized to build the Brown's Island boom the present season," which was accordingly done; and, as a necessary consequence, when the logs filled the boom they rested upon and covered the petitioner's shore so far as high water mark; and such occupation has ever since continued; which is a sufficient taking within the meaning of the charter. The petitioner claimed to have his petition dismissed, and it was dismissed accordingly; and the respondents excepted.

*Baker & Webster*, for the respondents.

*A. Libbey*, for the petitioner.

APPLETON, C. J. The defendant corporation was authorized by a private act approved April 4, 1859, c. 352, § 1, to erect and maintain on the Kennebec river, in the town of Farmingdale, a boom with piers, and all the necessary fixtures, for the purpose of taking and securing any logs, masts, spars or other timber floating down said river; * * * provided the same shall be so constructed as not to obstruct in any manner the free navigation of the said river; and for the purpose aforesaid, said company may take and use, any shore, flats or land adjacent, which may be necessary for the erection and occupation of said boom; provided, however, said company shall pay the owners of said property so taken "a reasonable compensation therefor."

By § 2, "if any person shall suffer damage by the exercise of these powers herein granted to said company, and the amount cannot be agreed upon by the parties, then the Supreme Judicial

Court, for the county of. Kennebec, upon application of the party aggrieved, shall cause said damage to be ascertained by a committee of three disinterested persons, whose award shall be returned to said court," &c.

The statute contemplates both the taking and the using of shores, flats, &c. The defendants may take what they do not use. They may use what they do not take.

The taking of real estate is by attachment, or levy, or by virtue of some statutory proceedings. In all cases, the taking is to be evidenced by some writing describing the real estate so taken by definite and specific boundaries.

The vote of the defendant corporation is in these words: "Voted, the directors be authorized to build the Brown's Island boom this season."

But this is no taking of land. It neither describes what has been, or was to be taken or used.

The evidence offered by the defendants was to show what shores and flats, &c., have been occupied and used by them and nothing else. The only written evidence of taking was the above vote, which amounts to nothing.

There is, then, no taking evidenced by vote of the defendant corporation, by the report of their committee, or in any other way by any written document whatsoever.

Now the committee are to assess damages for "the property so taken." It is manifestly impossible to attempt their assessment without knowing to what property the injury has been done. The statute contemplates a taking within definite bounds. The owner of the land cannot otherwise know whether the action of the defendants is within or without the land, &c., taken, if there are no ascertained nor ascertainable limits. Neither can the committee proceed to assess damages upon an indefinite and undetermined tract. It is not for them to ascertain the shores, flats, &c., which are taken by resorting to the uncertainties of conflicting testimony. There must be written evidence of the territory the defendants may elect to take and use.

The petitioner having failed to make out any case might well desire to escape out of court without additional expense. He makes no claim on the defendants. The defendants had no right to require that he should remain there any longer, when the only possible effect would be to enlarge their bill of costs. The petition was properly dismissed, and the exceptions must be overruled.

*Exceptions overruled.*

DICKERSON, DANFORTH and VIRGIN, JJ., concurred.
BARROWS, J., concurred in the result.